### ORDER

## In Re: D.D.H.

*Jeffrey Leber,* for the Commonwealth.
*Jack Reagle,* for defendant.

FINK, *P.J.*, December 11, 1984—Presently before the court is a motion for dismissal filed by the juvenile under the following facts: a verbal complaint was presented to the Juvenile Probation Officer of Potter County by the parents of a seven-year old child who was the victim of an alleged assault by the 17-year old minor. It was also brought to the attention of the juvenile probation officer, upon further investigation, that the minor child had been truant from school a substantial part of the current school session. The juvenile probation officer wisely chose to handle the matter on an "informal adjustment" whereupon the minor child entered into an agreement with the probation office whereby the juvenile would perform certain things and be subject to certain specific restrictions during the period of the informal adjustment program.

Upon believing that the minor child had violated the terms of the program, the juvenile probation officer caused a formal juvenile petition to be filed seeking an adjudication of delinquency alleging the act of the assault on the seven-year old child as well as truancy. A date was set for hearing on the juvenile petition and immediately prior to hearing, counsel for the minor child filed the motion to dismiss which is presently before us.

Counsel for the minor child argued "double jeopardy" under the authority of In Re: Gault, 387 U.S.1, 87 S.Ct. 1429, 18 L.Ed. 2d 527 (1967). In Re: Gault, essentially, indicated that all constitutional rights inure to the benefit of a minor in a juvenile proceeding just as to an adult in an adult proceeding.

Upon argument, this court found that double jeopardy was not an appropriate argument as the minor child was not in jeopardy of incarceration

and, therefore, was not appropriately argued in a juvenile proceeding. This court, further, in argument did indicate that the issue was one of due process as opposed to double jeopardy. The question, therefore, is: was the minor child afforded due process when he had made a commitment under an informal adjustment precipitated by his alleged assault to live under certain restrictions and because there was a unilateral assertion by the probation office that the minor child had violated the terms of informal adjustment, he was going to be submitted to proceedings under a juvenile petition and the possible consequences thereof without having an opportunity to defend or be heard on the alleged violation of the terms of the informal adjustment?

The Commonwealth argues that informal adjustment, like ARD, is a matter of an opportunity offered to the participant rather than a "substantive right", citing Pyle v. Court of Common Pleas of Cumberland County, 494 Pa. 323, 431 A.2d 876 (1981). The cited case is completely inappropriately cited. In Pyle the district attorney refused to request three first-time offenders charged with non-violent crimes to be accepted for ARD. The allegation of defendants was a violation of equal protection in that in all or most other counties in the Commonwealth of Pennsylvania such defendants would be offered for admission into the ARD program. The court in its very terse opinion merely stated "Our review of the record . . . convinces us that the petitioner's claims are without merit."

Commonwealth further argues "there is no statutory authority that a due process hearing is required prior to the termination of informal adjustment". There need be no statutory authority where a constitutional right is involved. The right either attaches or it does not, and in view of the above, this

court is clearly of the opinion that it does attach.

This court is of the belief that due process was not afforded the minor child. What the Commonwealth attempts is tantamount to having two parties enter into a bi-lateral contract, one party relies thereon, renders partial performance thereunder, and then simply on the allegation of the other party without giving the alleged offender an opportunity to be heard, the contract is legally nullified. This clearly is violative of due process provisions of the United States Constitution. It is, likewise, equally clear that the minor child should not merely be returned to the informal adjustment program. The appropriate remedy is to remand the matter back to the probation department which should notify the minor child of the specific instances of non-compliance with the informal adjustment program and request a hearing thereon.

Therefore, the following

## ORDER OF COURT

And now, this December 11, 1984, the motion to dismiss the hearing on the juvenile petition is hereby granted.

The matter is remanded back to the Probation Office of Potter County consistent with the opinion above set forth.